UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN HOUSTON JR. #193234,

        Plaintiff,                           Case No. 2:08-cv-92

v.                                          Honorable R. Allan Edgar

UNKNOWN HORNICK, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, P∪B. L. N0. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff John Houston, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Unknown Hornick, R.N., Sergeant Ron Ekdahl, and Psychiatrist Gary Kilpela. Plaintiff alleges in his complaint that on January 29, 2007, he wrote his psychiatrist a letter, which was sealed. Plaintiff labeled the envelope as being confidential. Plaintiff states that Defendant Hornick opened the letter and took it to Defendant Ekdahl, who read the letter and revoked Plaintiff's bond. Plaintiff was then placed in segregation. Plaintiff claims that Defendants violated his right to confidentiality with regard to his psychiatric information. Plaintiff seeks punitive damages.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In the opinion of the undersigned, the allegations in Plaintiff's complaint fail to show that his constitutional rights have been violated.

> The Sixth Circuit has expressly held that "the Constitution does not encompass a general right to the nondisclosure of private information." *Jarvis v. Wellman,* 52 F.3d 125, 126 (6th Cir.1995), citing *J.P. v. DeSanti,* 653 F.2d 1080, 1090 (6th Cir.1981). The Sixth Circuit explained that "[i]nferring very broad constitutional rights where the Constitution itself does not express them is an activity not appropriate to the judiciary." *Jarvis,* 52 F.3d at 126. "[O]nly when fundamental rights are implicated does a privacy concern take on constitutional dimensions." *Id.* In *Jarvis* the Court held that the disclosure of a non-inmate's confidential medical records did not violate the plaintiff's constitutional right. *Id.* The Sixth Circuit has specifically applied its holding in *Jarvis* to claims by inmates. *See Doe v. Wigginton,* 21 F.3d 733, 740 (6th Cir.1994) (holding that inmate's constitutional rights were not violated by disclosure of his medical condition); *Coleman v. Martin,* 63 F. App'x 791, 792 (6th Cir.2003) (holding that dissemination of prisoner's mental health records to parole board does not constitute a constitutional violation); *Reeves v. Engelsgierd,* No. 04-71411, 2005 WL 3534096, at *4 (E.D.Mich. Dec. 23, 2005) (holding doctor did not violate prisoner's rights by discussing the plaintiff's medical condition with non-medical staff and in front of other inmates). Because the disclosure of Plaintiff's medical information did not violate the federal constitution, he has failed to state a claim upon which relief can be granted.

*Arrington v. Bahrman*, 2007 WL 3472397, 2 (W.D. Mich. 2007) (unpublished).  Prison officials must take appropriate steps to maintain the security of their institutions.  Reviewing a prisoner's non-legal mail does not rise to the level of a constitutional violation.  Therefore, the undersigned recommends dismissal of the complaint.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 30, 2008

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).